UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| OLIVIA SHERLEY S.,[1] ) | Case No. EDCV 20-01986-AS |
| ) | |
| Plaintiff, ) | **MEMORANDUM OPINION AND** |
| ) | |
| v. ) | **ORDER OF REMAND** |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of the Social ) | |
| Security Administration,[2] ) | |
| ) | |
| Defendant. ) | |

For the reasons discussed below, IT IS HEREBY ORDERED that, pursuant to Sentence Four of 42 U.S.C. § 405(g), this matter is remanded for further administrative action consistent with this Opinion.

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration, is substituted for her predecessor. See 42 U.S.C. § 405(g); Fed.R.Civ.P. 25(d).

**PROCEEDINGS**

On September 24, 2020, Olivia Sherley S. ("Plaintiff") filed a Complaint seeking review of the Commissioner's denial of her application for disability insurance benefits under Title II of the Social Security Act. (Dkt. No. 1). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Dkt. Nos. 11-12). On June 2, 2021, Defendant filed an Answer and the Administrative Record ("AR"). (Dkt. Nos. 17-18). On January 21, 2022, the parties filed a Joint Submission ("Joint Stip.") setting forth their respective positions regarding Plaintiff's claim. (Dkt. No. 27).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISIONS**

On May 21, 2018, Plaintiff, formerly employed as a housekeeping cleaner, a machine packager, and a taxi dispatcher (see AR 41, 51-53, 192-202), filed an application for disability insurance benefits alleging a disability onset date of November 9, 2015. (See AR 22, 153-56). Plaintiff's application was denied, initially on August 24, 2018, and on reconsideration on December 20, 2018. (See AR 81-84, 86-90).

On December 13, 2019, Administrative Law Judge Josephine Arno ("ALJ") heard testimony from Plaintiff, who was represented by counsel. (See AR 41-49, 51-53). The ALJ also heard testimony from vocational expert David Rinehart ("VE"). (See AR 50-57). On February 6, 2020, the

ALJ issued a decision denying Plaintiff's request for benefits. (See AR 22-33).

Applying the five-step sequential process, the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since November 9, 2015, the alleged onset disability onset date. (AR 24). At step two, the ALJ determined that Plaintiff had the following severe impairments: "obesity; lumbar spine degenerative disc disease; fibromyalgia; right knee degenerative joint disease; alcohol dependence; arthralgia; and left shoulder tendinosis and degenerative changes." (AR 24).[3] At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments in the regulations. (AR 26).[4]

The ALJ then assessed Plaintiff's residual functional capacity ("RFC")[5] and found that Plaintiff could perform light work[6] with the following limitations:

---

[3] The ALJ found Plaintiff's mental impairments of depression and anxiety to be nonsevere. (AR 24-26).

[4] The ALJ specifically considered Listings 1.02 (major dysfunction of a joint(s)) and 1.04 (disorders of the spine), and Social Security Rulings 19-2p ("Evaluating Cases Involving Obesity") and 12-2p ("Evaluation of Fibromyalgia"). (See AR 26).

[5] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

[6] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

3

> [She] is never able to climb ladders, ropes, or scaffolds; she may climb ladders, ropes, or scaffolds[7]; she may occasionally balance, stoop, kneel, crouch, or crawl; she may occasionally reach overhead with the left upper extremity; and she may have no exposure to unprotected heights and moving or heavy machinery.

(AR 26-32, bracketed footnote added).

At step four, the ALJ found that Plaintiff was able to perform her past relevant work as a housekeeping cleaner as actually performed and as a taxi starter as actually performed and as generally performed. (AR 32-33). Accordingly, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, from November 9, 2015 through February 6, 2020, the date of the decision. (AR 33).

The Appeals Council denied Plaintiff's request for review of the ALJ decision on August 6, 2020. (See AR 182-87).

Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. See 42 U.S.C. §§ 405(g), 1383(c).

**STANDARD OF REVIEW**

This Court reviews the Commissioner's decision to determine if it is free of legal error and supported by substantial evidence. See

---

[7] It appears the ALJ inadvertently included the limitation that Plaintiff "may climb ladders, ropes, and/or scaffolds." Based on the ALJ's statement that there should be the limitation of occasional climbing of ramps and stairs (AR 31) as well as on ALJ's hypothetical question to the VE (see AR 54-55), this statement was mistakenly included in the RFC determination as the ALJ apparently meant to include the limitation that Plaintiff may "occasionally" climb ramps and stairs.

Brewes v. Comm'r, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001)(internal quotation omitted). As a result, "[i]f the evidence can support either affirming or reversing the ALJ's conclusion, [a court] may not substitute [its] judgment for that of the ALJ." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).[8]

**PLAINTIFF'S CONTENTION**

Plaintiff contends that the ALJ erred in making a determination about Plaintiff's RFC that was not supported by substantial evidence in the record. (See Joint Stip. at 4-8, 14-16).

---

[8] The harmless error rule applies to the review of administrative decisions regarding disability. See McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)(An ALJ's decision will not be reversed for errors that are harmless).

**DISCUSSION**

After consideration of the record as a whole, the Court finds that Plaintiff's claim warrants a remand for further consideration.

**A. The ALJ's RFC Determination Was Not Supported by Substantial Evidence**

As discussed above, the ALJ determined that Plaintiff could perform light work with the limitations she could occasionally balance, stoop, kneel, crouch, crawl, reach overhead with the left upper extremity, and climb ramps and stairs, she could not climb ladders, rapes or scaffolds, and she could not have exposure to unprotected heights and moving or heavy machinery. (AR 26).

As Plaintiff notes (see Joint Stip. at 5-6), the ALJ did not rely on Plaintiff's testimony in determining the RFC.[9] In an Exertion Questionnaire dated November 15, 2018, Plaintiff stated, inter alia, she cannot lift more than 5 pounds, sit more than 30 minutes or bend, and she can walk about a block. (AR 221-22). At the administrative hearing, Plaintiff testified, inter alia, that she can lift a gallon of milk with her right hand and can lift "light stuff" such as three loaves of bread in a bag, that she can stand for approximately 10 minutes, that she can walk down the street about four houses before she needs to return home, that she can sit for about ten to fifteen minutes, and that

---

[9] Plaintiff is not challenging the ALJ's rejection of Plaintiff's subjective symptom testimony or the ALJ's rejection of the medical opinion evidence. (See Joint Stip. at 5-6, 15).

6

she needs to rotate positions (sit/stand) all day. (AR 46-47). The ALJ rejected such testimony and did not include these limitations in the RFC determination. (See AR 30-31).

As Plaintiff also notes (see Joint Stip. at 5), the ALJ did not rely on any medical opinion evidence in determining the RFC. After noting that Herman Schoene, M.D. the orthopedic consultative examiner, and Fulvio Franyutti, M.D. and G. Dale, M.D., the State Agency physicians, all determined that Plaintiff was able to do medium work (see AR 31, citing AR 306 [Dr. Schoene report dated August 9, 2018: Plaintiff can lift/carry 50 pounds occasionally and 25 pounds frequently, stand/walk and sit 6 hours out of an 8-hour workday, push/pull on an unlimited basis, and no postural, manipulative, visual, communicative or environmental limitations], 59-67 [Dr. Franyutti report dated August 22, 2018: same functional capacity assessment), and 69-79 [Dr. Dale report dated November 30, 2018: same functional capacity assessment]), the ALJ found these medical opinions "unpersuasive because they are unsupported by and inconsistent with the medical records as a whole, which shows diagnostic evidence of degenerative disc disease of the lumbar spine, degenerative joint disease in the right knee, left shoulder impairment, and diagnosis of fibromyalgia causing period arthralgia symptoms." (AR 31). In addition, the ALJ found that while Dr. Schoene's opinion was consistent with his physical examination findings, Dr. Schoene's opinion was unpersuasive because "Dr. Schoene did not have access to the medical records that show periodic flare-ups of symptoms and periodic physical examination findings that support additional limitations." (AR 32). Accordingly, the ALJ's RFC determination was not based on the medical opinions.

In assessing Plaintiff's RFC, the ALJ stated that "[t]he positive objective clinical and diagnostic findings since the alleged onset date detailed below do not support more restrictive functional limitations than those assessed herein."  (AR 27).  As set forth below, this conclusory statement, without more, does not provide the evidence that the ALJ relied on when determining that Plaintiff had the RFC to perform light work with the limitations that she could occasionally balance, stoop, kneel, crouch, crawl, reach overhead with the left upper extremity, and climb ramps and stairs.

The ALJ found that the medical opinions were unsupported by and inconsistent with the "diagnostic evidence of degenerative disc disease of the lumbar spine, degenerative joint disease in the right knee, left shoulder impairment, and diagnosis of fibromyalgia causing period arthralgia symptoms."  (AR 31, underlining added).  Immediately thereafter, the ALJ wrote, "These impairments warrant a limitation to light work with occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling to avoid exacerbation of pain symptoms in various joints."  (Id.).

When summarizing the medical record, the ALJ referenced various diagnostic evidence of degenerative disc disease in the lumbar spine, degenerative joint disease in the right knee, left shoulder impairment (tendinosis) and fibromyalgia, including a February 18, 2016 MRI of Plaintiff's lumbar spine (AR 526), a June 1, 2017 MRI of the left shoulder (id.), a November 26, 2018 MRI of the right knee (AR 526, 416), December 13, 2018 x-rays of the right knee (AR 323), and a June 27, 2019 fibromyalgia diagnosis (AR 370-71).  (See AR 29-30).  However, it is

8

unclear to the Court, and the ALJ failed to state, why such diagnostic evidence supports the ALJ's determination regarding Plaintiff's ability to perform light work with the limitations of occasional balancing, stooping, kneeling, crouching, crawling, reaching overhead with the left upper extremity, and climbing ramps and stairs.

Moreover, even if the ALJ's RFC determination was bsed on "positive objective clinical and diagnostic findings" in the record (AR 27), including in medical records generated *after* Dr. Schoene's August 9, 2018 opinion (see AR 32 [the ALJ noted that "Dr. Schoene did not have access to the medical records that show periodic flare-ups of symptoms and periodic physical examinations findings that support additional limitations"]), the ALJ failed to cite to this evidence or state why such evidence supports the finding that Plaintiff was capable of performing light work with the limitations of occasional balancing, stooping, kneeling, crouching, crawling, reaching overhead with the left upper extremity, and climbing ramps and stairs. See Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999)("The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence."). Consequently, the Court is unable to find that substantial evidence supports the ALJ's RFC determination. See Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)("Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion."); see also Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999)(stating that, in a case where the Commissioner argued that the medical record supported the ALJ's determination about the level of work the claimant was capable of performing, "[a]s a lay person . . .,

the ALJ was simply not qualified to interpret raw medical data in functional terms") (citations omitted).

**B.   Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's error, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman, 211 F.3d at 1179-81.

Since the ALJ's determination about Plaintiff's RFC was not supported by substantial evidence, remand is appropriate. Because outstanding issues must be resolved before a determination of disability can be made, and "when the record as a whole creates serious doubt as to whether the [Plaintiff] is, in fact, disabled within the meaning of the Social Security Act," further administrative proceedings would serve a useful purpose and remedy defects. Burrell, 775 F.3d at 1141 (citations omitted).

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 31, 2022

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE
